IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER JOHN McFARLAND, ) <br> D/B/A SETTLOR/TRUST PROTECTOR ) <br> CM FABRICATION EXPRESS TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> USAA FEDERAL SAVINGS BANK, ) <br> ) <br> Defendant. ) | No. 4:23-cv-00836-DGK |

## ORDER GRANTING MOTION TO DISMISS

According to the Complaint,

> Plaintiff is a foreign irrevocable trust organization CM FABRICATION EXPRESS TRUST . . . d/b/a Christopher John McFarland who is a Free Inhabitant and Missourian National, pursuant to 1781 Articles of Confederation, Article IV but not a citizen of the United States, domiciled in Missouri republic of the United States of America- (see 2016 GPO Style Manual, pg. 95).

Compl. ¶ 4, ECF No. 1-1. The Complaint was filed in the Circuit Court of Clay County and removed by Defendant USAA Federal Savings Bank ("USAA") to this Court. As best the Court can tell, the lawsuit, which USAA aptly summarizes as "an ill-conceived 'sovereign citizen' type action," alleges USAA violated various federal statutes and breached a contract by failing to reduce Plaintiff's $13,320.32 credit card balance to zero.

Now before the Court is USAA's 12(b)(6) motion to dismiss with prejudice for failure to state a claim. ECF No. 4. USAA filed the motion on November 15, 2023, and served it on Plaintiff by First-Class U.S. Mail. Plaintiff has not filed any response or requested an extension of time to file a response, and Plaintiff's time to do so has expired.

By failing to respond to the motion, Plaintiff concedes USAA's arguments. *Little v. United States Dept. of Defense*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at * 3 (E.D. Mo. May 2, 2022); *Ursery v. Fed. Drug Enf't Admin.*, No. 4:12-CV-1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases). Accordingly, all of Plaintiff's claims are dismissed on this independent basis.

Even if Plaintiff had filed a timely response, however, it would have been futile. A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

Precisely what claims Plaintiff is bringing is somewhat unclear; the Complaint is captioned "COMPLAINT FOR BREACH OF CONTRACT" and contains only one count, but when read in context with all the documents attached to it, it could be read as asserting as many as four counts.

This ultimately does not matter, however, because the Complaint fails to state a claim with respect to any of these four possible counts, which is an independent basis to dismiss the Complaint.

1. Any Fair Debt Collection Practices Act ("FDCPA") claim fails because the Complaint does not allege Plaintiff is a consumer or that USAA engaged in conduct prohibited by the FDCPA.

2. Any Truth in Lending Act ("TILA") claim fails because the lawsuit does not arise out of a mortgage loan transaction where USAA took a security interest in Plaintiff's home; nor does the Complaint make any non-conclusory allegations that USAA failed to make required disclosures, or failed to make them in a timely fashion. Additionally, any TILA claim fails because the Complaint does not allege damages arising from any purported violation.

3. Any "accord and satisfaction" claim fails because the Complaint does not plead Plaintiff tendered an amount in full satisfaction of the clam, or that the claim amount was the subject of a bona fide dispute, or that the amount offered was tendered as full satisfaction of the claim.

4. Finally, any breach of contract claim fails because the Complaint does not identify any contract or promise USAA allegedly breached.

Accordingly, the motion is GRANTED, and this case is dismissed.

**IT IS SO ORDERED.**

Date: December 18, 2023    /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT